ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| E.M.I. EQUITY MORTGAGE, INC. COMO AGENTE DE SERVICIO DE FORTALEZA EQUITY PARTNERS I, LLC.<br><br>Recurrido<br><br>v.<br><br>ROLANDO PÉREZ LÓPEZ Y OTROS<br><br>Peticionarios | **KLCE202400904** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV06412<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 26 de septiembre de 2024.

Comparece ante este foro, el Sr. Rolando Pérez López (señor Pérez o "el peticionario"), de manera especial y sin someterse a la jurisdicción, y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 2 de julio de 2024. Mediante el referido dictamen, el foro primario declaró No Ha Lugar una moción de desestimación instada por el peticionario.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso ante su falta de notificación.

### I.

El 16 de diciembre de 2022, E.M.I. Equity Mortgage, Inc. como agente de servicio de Fortaleza Equity Partners I LLC (E.M.I. o "parte recurrida") presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra del señor Pérez, el Sr. Manuel E. Pérez Franqui, la Sra. Elsa López Cabán y la Sociedad Legal de

Número Identificador
RES2024 _____

Gananciales compuesta por ambos.[1] En esencia, alegó que el 19 de diciembre de 2003, el señor Pérez suscribió un pagaré a favor de Centro Hipotecario de Puerto Rico, Inc., por la suma principal de $57,000.00 más intereses al 7.95% anual. Como garantía de este pagaré, el peticionario constituyó una hipoteca voluntaria sobre una propiedad inmueble ubicada en el municipio de Toa Baja, Puerto Rico. Añadió que, el 11 de abril de 2011, el señor Pérez otorgó una Escritura de Modificación de Hipoteca, siendo el nuevo principal por la cantidad de $62,696.57.

Por ello, la parte recurrida adujo que el peticionario dejó de pagar las mensualidades del préstamo hipotecario, por lo cual, reclama la cantidad de $58,994.94 más intereses sobre dicha suma al tipo pactado de 7.95% anual desde el 1 de enero de 2017. En adición, a la suma de $6,269.66 para costas, gastos y honorarios de abogado, entre otros cargos. La *Demanda* fue acompañada por copia del pagaré hipotecario, y los formularios de emplazamiento. Consecuentemente, el 16 de diciembre de 2022, la Secretaría del foro primario expidió los emplazamientos.

El 5 de abril de 2023, E.M.I. presentó una *Solicitud de Autorización para Enmendar Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto.*[2] En su escrito, adujo que habían advenido en conocimiento que la Sra. Elsa López Cabán había fallecido, por lo que, interesaban enmendar la demanda con el propósito de incluir a la Sucesión, compuesta por

---

[1] *Demanda*, anejo V, págs. 17-28 del apéndice del recurso.
[2] *Solicitud de Autorización para Enmendar Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto*, anejo VII, págs. 35-47 del apéndice del recurso.

el señor Pérez, el Sr. Héctor Pérez López y el Sr. Manuel E. Pérez, entre otros de nombres desconocidos. Por lo que, solicitó que se expidieran los emplazamientos y mandamientos de interpelación judicial. La referida moción fue acompañada con una declaración jurada suscrita el 1 de febrero de 2023 por la emplazadora Cahineé Medina Fernández y un proyecto de emplazamiento y mandamiento de interpelación judicial por edicto.

Así las cosas, el 12 de abril de 2023, el foro primario notificó una *Orden de Emplazamiento por Edicto e Interpelación*,[3] en la cual dispuso lo siguiente:

> Examinada la "Solicitud de Autorización para Enmendar Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto" presentada por la parte demandante, examinado el expediente y surgiendo de los autos que existe una reclamación que justifica la concesión del remedio solicitado, y que los codemandados, Rolando Pérez López, por sí y como miembro de la Sucesión de Elsa López Caban; y John Doe y Richard Doe, como posibles herederos desconocidos de Elsa López Caban, son parte apropiada e indispensable en el pleito, se declara Con Lugar, por consiguiente, se ordena el emplazamiento de los codemandados, Héctor Pérez López, por sí y como miembro de la Sucesión de Elsa López Caban; y John Doe y Richard Doe, como posibles herederos desconocidos de Elsa López Caban, conforme a la Regla 4.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.4.6 (2009), mediante la publicación de (1) un solo edicto en un (1) periódico de circulación general diaria en Puerto Rico, a los efectos de que se presente cualquier oposición a la Demanda Enmendada dentro del término de treinta (30) días contados a partir de la publicación del edicto, apercibiéndoseles que de no hacerlo se les anotará la rebeldía y se dictará sentencia en su contra concediendo el remedio solicitado en la Demanda Enmendada sin más citarles ni oírles. La parte demandante tendrá un término de diez (10) días, a partir de la publicación del edicto, para enviar por correo certificado con acuse de recibo o cualquier otra forma de servicio

---

[3] *Orden de Emplazamiento por Edicto e Interpelación*, anejo VIII, págs. 48-58 del apéndice del recurso.

de entregade correspondencia con acuse de recibo, copia del "Emplazamiento y Mandamiento de Interpelación Judicial por Edicto", a las últimas direcciones postales conocidas de los codemandados Rolando Pérez López, por sí y como miembro de la Sucesión de Elsa López Caban; y, John Doe y Richard Doe, como posibles herederos desconocidos de Elsa López Caban, en: 477 Acacia Tree Way, Kissimmee FL 34758; Urb. Levittown 5ta Sección, BC 13 Calle Dr. Gabriel Ferrer, Toa Baja, PR 00949; y PO Box 453, Lares, PR 00669. Se ordena a los herederos a que dentro del mismo término de treinta (30) días contados a partir de la fecha de la publicación del edicto, ACEPTEN O REPUDIEN la participación que les corresponda en la herencia de la causante Elsa López Caban. Se les apercibe a los herederos antes mencionados que de no expresarse dentro de ese término de treinta (30) días en torno a su aceptación o repudiación de herencia, se tendrá por aceptada conforme establece el ordenamiento.

Consecuentemente, en la misma fecha, la Secretaría del foro primario expidió los formularios para emplazar por edicto.[4]

El 28 de julio de 2023, la parte recurrida presentó *Solicitud de Emplazamiento y Mandamiento de Interpelación por Edicto*.[5] En síntesis, indicó que el Sr. Manuel Pérez fue emplazado personalmente, el señor Pérez y los posibles herederos desconocidos fueron emplazados por edicto. No obstante, sostuvo que el Sr. Héctor Pérez, no había sido posible emplazarlo personalmente, por lo que, solicitó la expedición por edicto. De igual forma, acompañó la moción con una declaración jurada del emplazador Esteban Martínez Vargas.

El 31 de julio de 2023, el foro primario mediante *Orden* declaró *Con Lugar* el emplazamiento por edicto.[6]

---

[4] *Emplazamiento y Mandamiento de Interpelación Judicial*, págs. 51-58 del apéndice del recurso.
[5] *Solicitud de Emplazamiento y Mandamiento de Interpelación por Edicto*, anejo IX, págs. 59-104 del apéndice del recurso.
[6] *Orden*, anejo X, págs. 105-107 del apéndice del recurso.

Luego de varias incidencias procesales, el 5 de abril de 2024, el señor Pérez presentó una *Moción de Desestimación*.[7] En esencia, alegó que E.M.I. en su *Demanda Enmendada* se limitó a solicitar la expedición de los emplazamientos por edicto dirigidos al Sr. Héctor Pérez, el Sr. Manuel Pérez, y a herederos desconocidos. Indicó que, la parte recurrida no demostró justificación para expedir el emplazamiento por edicto al peticionario, y debió ser mediante emplazamiento personal. Por tanto, el señor Pérez solicitó la desestimación de la demanda.

Por su parte, la parte recurrida arguyó que, el 17 de mayo de 2023 fue publicado el emplazamiento por edicto dirigido al señor Pérez. Sostuvo que, previo y posterior a la publicación del edicto, hicieron gestiones con el peticionario las cuales no fueron contestadas.

El 2 de julio de 2024, el foro primario notificó la *Resolución* recurrida, mediante la cual declaró *No Ha Lugar* a la desestimación solicitada por el señor Pérez.[8]

En desacuerdo, el 17 de julio de 2024, el peticionario presentó una *Moción de Reconsideración*.[9] Sin embargo, mediante *Resolución* notificada el 19 de julio de 2024, el foro primario la denegó.[10]

Inconforme, el 19 de agosto de 2024, el peticionario presentó el *certiorari* de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

> El Tribunal de Primera Instancia erró al expedir un emplazamiento por edicto para Rolando Pérez López sin que existiera en el

---

[7] *Moción de Desestimación*, anejo II, págs. 4-11 del apéndice del recurso.
[8] *Resolución*, anejo I, págs. 1-3 del apéndice del recurso.
[9] *Moción de Reconsideración*, anejo III, págs. 12-14 del apéndice del recurso.
[10] *Resolución*, anejo IV, pág. 15-16 del apéndice del recurso.

expediente una declaración jurada que acreditara las gestiones necesarias para justificar tal emplazamiento. Este error en la apreciación de la prueba resultó en una violación del debido proceso de ley, ya que no se aseguraron los requisitos procesales antes de privar al demandado de su derecho a ser notificado de manera adecuada.

El Tribunal de Primera Instancia erró al aceptar como válida una declaración jurada presentada 114 días después de solicitar el emplazamiento por edicto para Rolando Pérez López. Esta presentación tardía incumplió con la Regla 4.6 de Procedimiento Civil y resultó en una indebida apreciación de la prueba, afectando la integridad del proceso judicial.

El 10 de septiembre de 2024, E.M.I. presentó una moción de desestimación por falta de jurisdicción alegando que el recurso que el señor Pérez presentó no les fue notificado a los demás codemandados y partes en rebeldía en el pleito.

Así las cosas, el 13 de septiembre de 2024, emitimos una *Resolución* concediéndole cinco (5) días al peticionario para que se expresara respecto a la moción.

En cumplimiento con nuestra orden, el 20 de septiembre de 2024, el señor Pérez presentó *Moción en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración

**II.**

**-A-**

La jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental*

*Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. ELA,* 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *MCS Advantage, Inc. v. Fossas Blanco*, supra, pág. 600; *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012).

Nuestro máximo foro ha resuelto que los asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 386. Por ello, la falta de jurisdicción conlleva serias consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); citando a *Lozada Sánchez v. JCA,* 184 DPR 898, 909 (2012). Por lo tanto, los foros adjudicativos deben examinar no solo su propia jurisdicción sino también la del foro inferior. *Íd.,* pág. 387. Igualmente, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. *Íd.*, págs. 386-387. Véase, además, la Regla 83(B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 83.

**-B-**

Es norma conocida que "las disposiciones reglamentarias que gobiernan los recursos que se presentan ante el Tribunal de Apelaciones deben observarse rigurosamente" para así poder colocar al foro apelativo en posición de poder revisar al foro *a quo*. *Pueblo v. Pérez Delgado*, 211 DPR 654, 671-672 (2023); *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, (2011); *Morán v. Martí*, 165 DPR 356, 367 (2005). En esa misma línea, el derecho de las partes a recurrir a un tribunal de mayor jerarquía para la revisión de las determinaciones emitidas por los tribunales de primera instancia no es automático, sino que presupone una notificación, un diligenciamiento y un perfeccionamiento de los recursos dentro de los términos provistos para ello. *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.,* 208 DPR 944, 957 (2022); *Gran Vista I v. Gutiérrez y Otros*, 170 DPR 174, 185 (2007); *Morán v. Martí*, supra, pág. 367.

Uno de los requisitos para el perfeccionamiento del recurso apelativo es la "presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes [, pues] [a]mbos inciden en la jurisdicción del tribunal." *Pérez Soto v. Cantera Pérez, Inc.,* 188 DPR 98, 105 (2013). "Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado". *Morán v. Martí*, supra, pág. 367. Asimismo, la falta de jurisdicción es insubsanable. *MCS Advantage, Inc. v.*

*Fossas Blanco,* supra; *JMG Investment, Inc. v. ELA*, 203 DPR 708, 714 (2019).

En lo aquí pertinente, la del Reglamento de este Tribunal, *supra*, R. 33, establece que:

Regla 33 — Presentación y notificación

(A) Manera de presentarlo

[…]

(B) Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de certiorari. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas, o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta

y ocho horas. El término aquí dispuesto será de cumplimiento estricto.

La notificación podrá efectuarse por los otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento.

Los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). Por ello, nuestro máximo foro ha reiterado que, si no se les notifica a las partes oportunamente, ello conlleva la desestimación del recurso de apelación. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1071 (2019); *Pérez Soto v. Cantera Pérez, Inc.,* supra, pág. 105. Por consiguiente, "[e]l recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora." *González Pagán v. Moret Guevara,* supra, págs. 1071-1072. Asimismo, en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013), nuestro más Alto Foro dispuso que el requisito de notificación es imperativo ya es el medio mediante el cual la parte contraria conoce del recurso que solicita la revisión de una decisión de menor jerarquía.

Por otro lado, es norma conocida que las partes cuentan con un término de treinta (30) días para presentar el recurso de *certiorari* ante nos, a tenor con la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2. Igualmente, un término de cumplimiento estricto puede ser prorrogado por los tribunales. *Soto Pino v. Uno Radio Group*, supra, pág. 92. Ahora bien, los foros apelativos no tenemos la discreción de prorrogar tales términos automáticamente. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Sobre el particular, nuestro

Tribunal Supremo ha expresado que "para prorrogar un término de cumplimiento estricto generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera del término, presente justa causa por la cual no puede cumplir con el término establecido". *Cruz Parrilla v. Depto. de Vivienda*, 184 DPR 393, 403 (2012). Así, la parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa. *Soto Pino v. Uno Radio Group,* supra, pág. 92. De no hacerlo, los tribunales carecemos de discreción para prorrogar el término y, por ende, acoger el recurso ante nuestra consideración. *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564. En otras palabras, si la parte peticionaria notifica la presentación del *certiorari* fuera del término correspondiente y sin justa causa, el recurso no se perfecciona y procede su desestimación por falta de jurisdicción. *González Pagán v. SLG Moret-Brunet*, supra, pág. 1071; *Soto Pino v. Uno Radio Group*, supra, pág. 92.

La acreditación de justa causa se realiza con explicaciones concretas, particulares y evidenciadas que le permitan al tribunal concluir que existió justa causa para la demora. *Febles v. Romar*, 159 DPR 714, 720 (2003). Por el contrario, "las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa." *Íd.* Al respecto, nuestro más Alto Foro ha expresado que "si se permite que la acreditación de la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas, carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza en cumplir con el término, se trastocaría nuestro

ordenamiento jurídico". *Soto Pino v. Uno Radio Group*, supra, pág. 92.

**III.**

En el presente caso, el señor Pérez presentó el recurso de *certiorari* el 19 de agosto de 2024, en aras de impugnar el modo en que fue expedido el emplazamiento por edicto. No obstante, tras un minucioso análisis de la normativa relevante y los hechos particulares, así como la totalidad del expediente de este caso, estamos obligados a desestimar el auto de *certiorari* por falta de jurisdicción, a tenor con la Regla 83 (B) y (C) del Reglamento de este Tribunal, *supra*.

El peticionario en su recurso de *certiorari*, y en la certificación que presentó, indicó que el recurso lo había notificado a la Lcda. Liza M. Aponte Valderas, -abogada de la parte recurrida-, y al Tribunal de Primera Instancia. Sin embargo, no surge que les haya notificado el recurso a las demás partes codemandadas. Por ello, le solicitamos que se expresara respecto a la *Moción de Desestimación por Falta de Jurisdicción […]*, que presentó la parte recurrida. Sin embargo, el peticionario se limitó a expresar que "la parte recurrida no tiene legitimación activa para plantear la falta de notificación en nombre de partes que no representa, ya que no son adversas a la parte recurrente, sino adversas a la propia parte recurrida".

Tal y como discutimos en la exposición del derecho, la Regla 33(B) del Reglamento de este Tribunal, *supra*, requiere que, al presentar un recurso de *certiorari*, el peticionario lo notifique a todas las partes dentro del término dispuesto para la presentación del recurso. Asimismo, conforme establece la referida Regla, el

término para notificar a las partes es de cumplimiento estricto, o sea, podría ser prorrogado. No obstante, los tribunales apelativos no tenemos la facultad de prorrogar los términos de cumplimiento estricto automáticamente. Por lo que, para extender tales términos, el peticionario debe acreditar las razones que justifican su incumplimiento. Sin embargo, la acreditación de justa causa se realiza con explicaciones concretas, particulares y evidenciadas que le permitan al tribunal concluir que existió justa causa para la demora. *Febles v. Romar*, supra, pág. 720. Consecuentemente, "las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". *Íd*.

En el caso de autos, a pesar de que el recurso de *certiorari* fue presentado oportunamente, el peticionario no les notificó dicho recurso a todas las partes dentro del término dispuesto para la presentación del recurso. El señor Pérez alega que la omisión de acreditar la notificación a las demás partes no debe ser motivo de desestimación, puesto que, no se ven afectados sus derechos, ni la jurisdicción del Tribunal. Sin embargo, consideramos que dichas alegaciones son vagas y no constituyen una explicación concreta para que se pueda justificar la demora de la notificación.

Así las cosas, al estar ausentes las condiciones requeridas para mostrar justa causa y el incumplimiento con la notificación de la petición de *certiorari* a las demás partes codemandadas, es forzoso concluir que el recurso no se perfeccionó conforme lo exige nuestro ordenamiento jurídico.

En consecuencia, conforme a la Regla 83(B) del Reglamento del Tribunal de Apelaciones, supra, declaramos *Ha Lugar* la moción de desestimación de la parte recurrida.

## IV.

Por todo lo anterior, **DESESTIMAMOS** el presente recurso ante su falta de notificación.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones